UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60354-Civ-COHN
MAGISTRATE JUDGE P. A. WHITE

ANDRE HAROLD,                           :
      Petitioner,                     :

v.                                      :        REPORT OF
                                                 MAGISTRATE JUDGE

JAMES McDONOUGH,                        :
      Respondent.                     :
_____

Andre Harold, a state prisoner confined at Okaloosa Correctional Institution, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging the constitutionality of his convictions of drug offenses entered on a jury verdict in Broward County Circuit Court case number 02-7326 CF10A.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of this petition the Court has a memorandum and request for evidentiary hearing filed by the petitioner, and the response of the state to an order to show cause with multiple exhibits.

Harold makes the following claims:

    1.    He received ineffective assistance of counsel when his attorney failed to object to blatant prosecutorial misconduct during closing argument.

    2.    The prosecutor's improper comments in closing argument were fundamental error

that went to the heart of the case and
resulted in his conviction.

3. He was denied effective assistance of
counsel when his attorney failed to
object or move for a mistrial when the
prosecutor in closing argument
characterized his defense as
manufactured.

4. He was denied effective assistance of
counsel when his attorney failed to move
to suppress his involuntary statement to
the police.

On May 21, 2002, Harold was charged by information with
trafficking in between 28 and 30 grams of oxycodone (Count I) and
possession of cocaine (Count II). [DE 11, Ex.2] He was convicted
following a jury trial of both offenses as charged [DE 11, Ex.1,
3], and on September 5, 2003, Harold was sentenced to serve an
aggregate of 25 years in prison. [DE 11, Ex.4]

Harold prosecuted a direct appeal, raising two claims which
are not substantively pertinent here. [DE 11, Ex.5] On April 13,
2005, his convictions and sentence were affirmed without written
opinion. Harold v. State, 898 So.2d 946 (Fla. 4 DCA 2005)(table).
[DE 11, Ex.6]

On September 29, 2005, Harold submitted a motion for
postconviction relief pursuant to Fla.R.Cr.P. 3.850, raising the
same claims he makes in this federal petition. [DE 11, Ex.7] The
trial court denied relief in a written order which held as follows:

As an initial matter, it is

ORDERED AND ADJUDGED that this Court
adopts the arguments and the cases cited
by the State of Florida in its response
and incorporates the same by reference by

2

attaching a copy of the response to this order. The Court merely writes to make clear that the closing argument in this case was proper and to note that Judge Schapiro ruled on an oral motion to suppress made during trial.

The prosecutor, Mr. Patanzo, during his closing argument used the word 'manufactured' to show how unreasonable the theory of defense was. Taken in context, he was arguing to the jury that the witnesses and Defendant's testimony defied reasonable thinking. While the word choice may have been strong and even if counsel had objected, no mistrial would have been granted, because the jury was free to believe or disbelieve all or any part of the witnesses', including the Defendant's, testimony. It was proven that the witnesses had been convicted of several crimes. Further, Mr. Parrish testified that the drugs, oxycodone and Viagra, were his. The testimony of the Defendant that someone broke into his home and put the cocaine in his house was soundly rejected by the jury. To think that one word prompted the jurors to return the verdict as they did is not reasonable.

As to the argument regarding the statement, Judge Shapiro found that Defendant was not in custody so as to trigger Miranda and that the statements made while he was in the hospital were freely and voluntarily made (exhibit IV, pp. 198-199).

[DE 11, Ex.10]

The foregoing determinations were summarily affirmed without comment, <u>Harold v. State</u>, 947 So.2d 1180 (Fla. 4 DCA 2007)(table), with the mandate issuing on February 16, 2007. [DE 11, Ex.11-12]

This federal proceeding ensued on March 6, 2007.[1]

The respondent correctly rightfully acknowledges that this petition was filed timely pursuant to 28 U.S.C. §2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. Artuz v. Bennett, 531 U.S. 4 (2000)(pendency of properly-filed state post-conviction proceedings tolls the AEDPA limitations period). In addition, the respondent rightfully does not challenge Harold's claims on the basis of the exhaustion requirement. Anderson v. Harless, 459 U.S. 4 (1982)(issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted).

Section 104(d) of the AEDPA [28 U.S.C. §2254(d)] sets out a significant new restriction upon the ability of federal courts to grant habeas corpus relief. It provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the claim --
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was

---

[1] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Vanderberg v. Donaldson, 259 F.3d 1321 (11 Cir. 2001); Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). [DE 1 at 7]

> based on an unreasonable determina-
> tion of the facts in light of the
> evidence presented in the State
> court proceeding.

In <u>Williams v. Taylor</u>, 529 U.S. 362 (1999), the Supreme Court interpreted this provision as follows:

> Under the "contrary to" clause, a federal
> habeas court may grant the writ if the state
> court arrives at a conclusion opposite to that
> reached by this Court on a question of law or
> if the state court decides a case differently
> than this Court has on a set of materially
> indistinguishable facts. Under the "unreas-
> onable application" clause, a federal habeas
> court may grant the writ if the state court
> identifies the correct governing legal prin-
> ciple from this Court's decisions but unreas-
> onably applies that principle to the facts of
> the prisoner's case.

"Clearly established federal law" refers to the holdings of the United States Supreme Court as of the time of the relevant state court decision. <u>Putnam v. Head</u>, 268 F.3d 1223, 1241 (11 Cir. 2001). A state court's decision is "contrary to" clearly established federal law if the state court 1) applied a rule that contradicts United States Supreme Court case law, or 2) arrived at a result different from that reached in a United States Supreme Court decision when faced with materially indistinguishable facts. <u>Id</u>.; <u>see also</u>, <u>Fugate v. Head</u>, 261 F.3d 1206, 1215-16 (11 Cir. 2001). A state court arrives at an "unreasonable application" of clearly established federal law if it 1) unreasonably applies a correct legal principle for Supreme Court case law to the facts of a petitioner's case, or 2) unreasonably extends or declines to extend a legal principle from Supreme Court case law to a new situation. <u>Id</u>. In this context, an "unreasonable application" is an

"objectively unreasonable" application. <u>Williams v. Taylor</u>, <u>supra</u> at 409.

The Eleventh Circuit has stressed the importance of this new standard, stating that the AEDPA "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." <u>Crawford v. Head</u>, 311 F.3d 1288, 1295 (11 Cir. 2002). Specifically, the AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." <u>Crawford</u>, <u>supra</u> at 1295, <u>quoting</u> <u>Bell v. Cone</u>, 535 U.S. 685 (2002).

In three of his four federal claims, Harold asserts that he received ineffective assistance of trial counsel for various reasons. To prevail on a claim of ineffective assistance, a petitioner must demonstrate both that his attorney's efforts fell below constitutional standards, and that he suffered prejudice as a result. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). A claim of ineffective assistance of counsel fails unless both prongs of the <u>Strickland</u> analysis are satisfied. <u>Waters v. Thomas</u>, 46 F.3d 1506, 1510 (11 Cir. 1995). Review of counsel's conduct is to be highly deferential, <u>Spaziano v. Singletary</u>, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. <u>White v. Singletary</u>, 972 F.2d 1218, 1220 (11 Cir. 1992)("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); <u>Atkins v. Singletary</u>, 965 F.2d 952, 958 (11 Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the

ground of ineffective assistance of counsel are few and far between." <u>Rogers v. Zant</u>, 13 F.2d 384, 386 (11 Cir. 1994).

In his first claim, Harold argues that he received ineffective assistance of counsel when his attorney failed to object to blatant prosecutorial misconduct during closing argument. Specifically, Harold contends that constitutional error occurred when his counsel failed to object to the prosecutor's assertion in closing argument that defense witness Parrish supplied drugs to Harold.

At trial, Parrish, a ten-time convicted felon suffering from full-blown AIDS and Hodgkin's lymphoma, testified that he accidently left his oxycodone at Harold's house for a period of ten days. [T.294-326] Eventually, the oxycodone was found in the medicine cabinet in Harold's bathroom, in a pill bottle with the label ripped off. [T.187] The pill bottle was a manufacturer's stock bottle normally used for a product other than oxycodone. [T.364-66]

In closing argument, the prosecutor stated to the jury:

> ... They put forward a theory that someone shot Mr. Harold, to break into his house, to plant cocaine in his house, that's unheard of.
>
> People shoot people to go in for a drug ripoff, not to plant drugs.
>
>            *    *    *
>
> And he also told you that after he was shot, he couldn't think of a number to call, although he had a cell phone in his hand.
>
> Nine one one didn't come to mind. You would think that someone who had just

been shot in their own home for no reason is going to call the police, but that's not quite what happened.

But you know he owns that house. He is a five time convicted felon. Okay. The police come to the house, they are going to look around, they will find cocaine in the house, and they will find a trafficking amount of oxycodone.

And when you really look at the facts in this case, Mr. Parrish is the source of supply of drugs for this Defendant. Mr. Parrish is the one that goes, with his medical condition, and gets prescriptions, and the he puts some in Mr. Harold's home.

That's a great business. You have a guy, a personal friend of yours, from high school, that can legally get controlled substances, lots of controlled substances and if you ever get pinched, what do you do. .... You go to your ten time convicted felon buddy from ten years to 20 years, from high school, to come in a testify that those are my pills, and I had no knowledge.

[T.384-85]

Under Florida law, wide latitude is permitted in arguing to a jury, and counsel are permitted to advance all legitimate arguments. Breedlove v. State, 413 So.2d 1 (Fla. 1982). A prosecutor is expressly permitted to attack the credibility of defense witnesses. Robertson v. State, 780 So.2d 106 (Fla. 3 DCA 2001); Jackson v. State, 703 So.2d 515 (Fla. 3 DCA 1997). Since the prosecutor in this case did not exceed these limits in his quoted argument, any objection by Harold's counsel to his assertions would have been overruled, so Harold cannot show that he suffered prejudice when no objection was interposed. Accordingly, the state courts' denial of relief on claim one was in accord with applicable

8

federal authorities, <u>Strickland</u>, <u>supra</u>, and the same result should pertain here. <u>Williams v. Taylor</u>, <u>supra</u>.

In his second claim, Harold asserts that the prosecutor's improper comments in closing argument were fundamental error that went to the heart of the case and resulted in his conviction. The state's argument that this claim is procedurally barred from federal review on the merits [DE 9 at 4-5] is correct; this claim properly was a subject for direct appeal, <u>see</u> <u>Hunter v. State</u>, 817 So.2d 786, 798 (Fla.2002)(direct appeal is the proper forum for litigating claims of trial error), so when it was first raised in Harold's collateral proceeding it was procedurally defaulted. Since the claim was defaulted in the state forum, it likewise is barred from federal habeas corpus review, <u>Ylst v. Nunnemaker</u>, 501 U.S. 797 (1991), in the absence of a demonstration of objective cause for the failure to properly raise the claim and actual prejudice resulting from the error complained of. <u>United States v. Frady</u>, 456 U.S. 152, 168 (1982). Since Harold has failed to satisfy the cause and prejudice requirement, claim two of this petition is procedurally defaulted from federal consideration on the merits.

In his third claim, Harold contends that he was denied effective assistance of counsel when his attorney failed to object or move for a mistrial when the prosecutor in closing argument characterized his defense as manufactured. Specifically, the prosecutor concluded his argument by asserting:

> When you look at it all the way down the line, it's a manufactured defense that you have to come up with. You have to come up with something.
>
> There's not anything reasonable to believe, it's not what they call a reasonable doubt. It's an unreasonable doubt. It's something that's almost

impossible to believe.

All of the evidence is pointing to his
guilt on both counts, and we have got to
come up with something. Thank you.

[T.388]

Under Florida law, a mistrial is proper when an error is so
prejudicial and fundamental that the expenditure of further time
and expense would be wasteful or futile, because the error vitiated
the fairness of the entire trial, Duest v. State, 462 So.2d 446
(Fla. 1985), and it "should be granted only when it is necessary to
ensure that the defendant receives a fair trial." Goodwin v. State,
751 So.2d 537 (Fla.), cert. denied, 523 U.S. 1051 (1998). It is
readily apparent that the prosecutor's foregoing statement was not
so egregious as to meet this standard. In fact, in its order
denying relief on this claim, the state collateral court expressly
found that "even if counsel had objected [to the characterization
of the defense as "manufactured"], no mistrial would have been
granted, because the jury was free to believe or disbelieve all or
any part of the witnesses', including the Defendant's, testimony."
[DE 11, Ex.10] Under these circumstances, counsel made no error and
caused Harold to suffer no prejudice when no mistrial motion was
made, cf. Strickland, supra, and claim three warrants no federal
relief.

In his fourth claim, Harold argues that he was denied
effective assistance of counsel when his attorney failed to move to
suppress his involuntary statement to the police.  Although no
pretrial motion to suppress was filed, the record reveals that, as
the state collateral court determined, counsel challenged the
admissibility of Harold's statement to the police during the trial.
Detective Cortes executed a search warrant at Harold's home and

10

then went to see him at Broward General Hospital after he was removed from intensive care. [T.191] As the detective began to describe his meeting with Harold, defense counsel requested a sidebar and informed the court that Harold denied having received his <u>Miranda</u> warnings.[2] [T.191-92] The jury was excused from the courtroom [T.192] and a proffer of the detective's testimony was conducted. [T.192-98] The detective stated that Harold was alert, awake and able to talk. [T.192] The detective introduced himself and read Harold his rights from the standard <u>Miranda</u> card. [T.193-94] In response to the detective's questions, Harold stated that he was the sole resident of the address in question [T.194-95], but when the detective asked him about the cocaine and the oxycodone found in the pill bottle, Harold refused to answer any more questions. [T.195]    At the conclusion of the proffer, the court held:

> [N]umber one, it does not appear that he was in custody, for purposes of Miranda. He was in the hospital, but he was not under arrest, there's no testimony that he is handcuffed to the bed.
>
> And so, at this juncture, he does not appear to be in custody.
>
> The officer stated that he was given his Miranda rights, and the defendant did answer some questions that relate to the residence.
>
> *    *    *
>
> ... Court finds that, based on the evidence, that the statement was freely and voluntarily given, until I have further evidence.

---

[2]<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

[T.198-99]

The court's foregoing holding subsequently was affirmed by the state appellate court. <u>Harold v. State</u>, <u>supra</u>. [DE 11, Ex.11]

Under the foregoing circumstances, it is apparent that Harold's contention that his attorney rendered ineffective assistance with respect to challenging the admissibility of his statement to the police officer is without merit. Because counsel did object to the officer's testimony at trial, Harold cannot show that his attorney's efforts in that regard fell below constitutional standards. <u>Cf</u>. <u>Strickland v. Washington</u>, <u>supra</u>. And because the court correctly allowed the officer's testimony since Harold was not in custody when he answered the initial questions, <u>see</u> <u>United States v. Lueck</u>, 678 F.2d 895, 900 (11 Cir. 1982)(<u>Miranda</u> warnings must be given only if a person is "in custody"), Harold cannot show that he suffered prejudice when no motion to suppress was made at an earlier stage of the proceedings. For these reasons, then, the state courts' rejection of Harold's fourth claim comported with applicable federal authorities, and that holding should not be disturbed here. <u>Williams v. Taylor</u>, <u>supra</u>.[3]

Lastly, it is noted that in Harold's memorandum of law [DE 2] contains a request for an evidentiary hearing. If a petitioner for habeas corpus relief "alleges facts that, if true, would entitle him to relief, then the district court should order and evidentiary

---

[3]The state in its response goes on to discuss an issue of whether prosecutorial misconduct occurred in Harold's case. However, aside from claim two, which as discussed above is procedurally barred from federal consideration, careful review of Harold's petition and accompanying memorandum of law reveals no additional instance where a freestanding claim of prosecutorial misconduct is asserted.

hearing and rule on the merits of the claim." <u>Holmes v. United States</u>, 876 F.2d 1545, 1552 (11th Cir. 1989) (<u>quoting</u> <u>Slicker v. Wainwright</u>, 809 F.2d 768, 770 (11th Cir. 1987)). Where the district court cannot state conclusively that the facts alleged by the petitioner, taken as true, would present no ground for relief, an evidentiary hearing must be conducted. <u>United States v. Yizar</u>, 956 F.2d 230, 234 (11th Cir. 1992). However, the court is not required to hold a hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous. <u>Holmes</u>, 876 F.2d at 1553.

Here, as discussed, all of Harold's claims for relief are affirmatively contradicted by the existing record, so no evidentiary hearing is warranted in this case.

For the foregoing reasons, it is recommended that this petition for habeas corpus relief be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 17th day of July, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

c:  Andre Harold, <u>Pro Se</u>
    DC #663982
    Okaloosa Correctional Institution
    3189 Little Silver Road
    Crestview, FL 32539-6708

Katherine McIntire, AAG
Office of the Attorney General
Department of Legal Affairs
1515 North Flagler Drive, #900
West Palm Beach, FL 33401