UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



Case No. 07-60354-CIV-COHN/WHITE

ANDRE HAROLD,

    Petitioner,

v.

JAMES McDONOUGH,

    Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon a Report and Recommendation [DE 12], submitted by United States Magistrate Judge Patrick A. White, regarding Petitioner Andre Harold's *pro se* Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. §2254, challenging the constitutionality of his sentences entered in Broward Circuit Court, case number 02-7326-CF10A. Pursuant to 28 U.S.C. §636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Petition, Report and Recommendation, and Mr. Harold's Objections [DE 13], and is otherwise fully advised in the premises.

Mr. Harold first raises objections to the Magistrate Judge's conclusion that his claims arising out of the prosecutor's closing arguments are without merit. Mr. Harold argues that the prosecutor was not making proper inferences from the facts introduced at trial when he characterized Mr. Harold's defense as "manufactured," and argued to the jury that Mr. Harold and witness Michael Parrish got together and concocted a story to tell police about the ownership of the drugs. Mr. Harold asserts that this argument

*constituted* prosecutorial misconduct, and that his counsel was ineffective when he failed to object to it.[1]

In a written order, the trial court denied Mr. Harold's motion for post-conviction relief pursuant to Fla. R. Cr. P. 3.850, explaining that the closing argument was proper, and that even if trial counsel had objected, no mistrial would have been granted "because the jury was free to believe or disbelieve all or any part of the witnesses', including the Defendant's, testimony." Considering the arguments raised before this Court, as well as the applicable law, this Court is convinced that these claims do not constitute ineffective assistance of counsel and that the state court's ruling on this issue was not contrary to, and did not involve an unreasonable application of, clearly established federal law. Accordingly, Mr. Harold's objections will be overruled as to the claims arising out of the comments made by the prosecutor during closing arguments.

Mr. Harold next objects to the Magistrate Judge's conclusions as to his claim of ineffective assistance of counsel based on counsel's failure to move to suppress the statements he gave to the police while in the hospital. Mr. Harold asserts that he did not receive <u>Miranda</u> warnings prior to the detective's questioning. The state court, in denying Mr. Harold's Motion for post-conviction relief, relied upon the trial judge's finding that Mr. Harold was not in custody and that the statements made while he was

---

[1] He also argues that the comments themselves were fundamental error that warrant granting his Petition, although as the Magistrate Judge correctly concluded, this claim was properly a subject for direct appeal, and was procedurally defaulted when Mr. Harold raised it for the first time in a collateral proceeding. However, even if it could be considered in this proceeding, this claim arises out of the same statements made in closing argument by the prosecutor, and the Court concludes that the state court's ruling on this issue was not contrary to, and did not involve an unreasonable application of, clearly established federal law.

2

*in the hospital* were freely and voluntarily made.

In evaluating this argument, as presented in the instant Petition, the Magistrate Judge concluded that because counsel did object to the officer's testimony during the trial, Mr. Harold cannot show that his attorney's efforts in that regard fell below constitutional standards. However, upon a closer review of the transcript in this case, the Court notes that Mr. Harold's counsel, in opening statements, represented to the jury that Mr. Harold had been interrogated by the police officer at the hospital and told the officer "I live alone." Thus, it would seem that the jury was made aware by Mr. Harold's own counsel of the key admission that counsel later sought to suppress. In light of these facts, it would seem that the fact that counsel objected to the testimony at issue later, during the trial, may not be dispositive of this issue.

However, this claim must fail in any case, because Mr. Harold cannot show prejudice arising from any ineffective assistance provided by his counsel. According to the allegations in Mr. Harold's Petition, he acknowledges that he was not handcuffed or restrained by the police officer in any way while he was questioned at the hospital. Nonetheless, Mr. Harold argues that the questioning was the functional equivalent of custodial interrogation, because he was lying in a hospital bed, was medicated, had a tube in his chest, and, practically speaking, was unable to leave.

However, federal courts have consistently held that such restraints on movement, when not imposed by police officers, do not make an interrogation custodial. In evaluating whether a person was in custody, Courts normally inquire into whether "a reasonable person [would] have felt he or she was not at liberty to terminate the interrogation and leave." Thompson v. Keohane, 516 U.S. 99, 112 (1995).

However, there may be circumstances where factors independent of police restraint prevent a defendant from terminating an interrogation and leaving. In Florida v. Bostick, the Supreme Court considered a case where the defendant's freedom of movement was restricted by the fact that he was a passenger on a bus during the interrogation. 501 U.S. 429, 436 (1991). The Court concluded that this factor, which was independent of police conduct, rendered the standard "freedom to leave" analysis inapplicable, and under such circumstances, "the appropriate inquiry is whether a reasonable person would feel free to decline officers' requests or otherwise terminate the encounter." Id. at 436.

The Fourth Circuit has interpreted this standard in a case very similar to Mr. Harold's: United States v. Jamison. 509 F.3d 623 (2007). The defendant in that case, like Mr. Harold, was questioned by a police officer while in the hospital after receiving treatment for a gunshot wound. Id. at 626. Like Mr. Harold, that defendant was lying on a gurney, with an I.V. line inserted into his arm, and was, practically speaking, unable to get up and walk away from the officers who were questioning him. Id. In applying the applicable legal standard, the court emphasized that "[i]n dissecting the perceptions of such a reasonable person, however, we must be careful to separate the restrictions on his freedom arising from police interrogation and those incident to his background circumstances . . . It is this careful differentiation between police-imposed restraint and circumstantial restraint that leads us to conclude that Jamison was not in custody." Id. at 629. The court concluded that because the restraints on the defendant's freedom of movement were primarily imposed by his gunshot wounds and ongoing medical treatment, not by any action on the part of the police, he was not in

custody when he was questioned, and no Miranda warnings were required. Id. at 633. Put plainly, "[a]bsent police-imposed restraint, there is no custody." Id.

Likewise, in this case, the practical restraints on Mr. Harold's freedom of movement when he was questioned in the hospital were a consequence of his injuries and treatment, not of any action on the part of the police. Even assuming that Mr. Harold's counsel was constitutionally deficient in his efforts to suppress the statements from the hospital interrogation, and assuming that no Miranda warnings were given to Mr. Harold prior to that interrogation, this Court must still conclude that there would have been no legal basis on which to exclude his statements. As a matter of law, Mr. Harold was not in custody at the time he was questioned by the officer, and accordingly, no Miranda warnings were required. Given the fact that there was no legal basis for excluding these statements, no prejudice was caused by any possible failings on the part of counsel to raise the issue earlier in the proceedings. The state court's decision on this issue, therefore, was not contrary to, and did not involve an unreasonable application of, clearly established federal law.

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge Patrick A. White [DE 12] is **ADOPTED**.

2. Petitioner Andre Harold's Petition for Writ of Habeas Corpus [DE 1] is **DENIED**.

3. Any other pending motions are **DENIED as moot**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

5

Florida, on this __17th__ day of March, 2008.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

Andre Harold, *pro se*
DC #663982
Okaloosa Correctional Institution
3189 Little Silver Road
Crestview, FL  32539-6708